**SANTEE SIOUX TRIBE OF NEBRASKA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**Nos. 84–2335, 84–2518.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1985.

Decided Dec. 30, 1985.

---

John M. Peebles, Niobrara, Neb., for petitioner.

Louise L. Cavanaugh and Harry Sheinfeld, Dept. of Labor, Washington, D.C., for respondent.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

The Santee Sioux Tribe of Nebraska (Tribe) appeals from a decision of the Secretary of Labor dismissing the Tribe's request for an administrative hearing on a Comprehensive Employment and Training Act (CETA) grant matter. An administrative law judge (ALJ) dismissed the Tribe's request on the basis that the request was untimely. The ALJ's decision became the final decision of the Secretary of Labor when the Secretary declined to accept the case for review after the Tribe filed exceptions to the ALJ's decision. 20 C.F.R. § 676.91(f) (1985). We have jurisdiction pursuant to 29 U.S.C. § 817(a) (Supp. V 1981) (*repealed* 1982),[1] and hereby affirm the Secretary's decision.

**FACTS**

The Santee Sioux Tribe of Nebraska entered into two grant agreements with the Department of Labor (Department) to operate CETA programs. After the grant periods had ended, the Department investigated the Tribe's compliance with the grants and concluded that $13,114 from the first grant and $43,526 from the second grant had been misspent or improperly documented. The Department issued an initial determination to this effect and gave the Tribe thirty (30) days to resolve any matters which the Tribe disputed. The Tribe did not offer any additional documentation during this 30–day period. Thereafter, the Department Grant Officer issued final determinations ordering payment of the misspent and improperly documented funds. Notices of the final determinations were sent to the Tribe on July 25, 1980, and August 4, 1980, with respect to the first and second grants, respectively.

In a letter accompanying each notice, the Department informed the Tribe that it could request an administrative hearing on the final determination, but that the request must be filed within ten (10) days after receipt of the final determination notice. The statutory codification of this right is contained in 29 U.S.C. § 816(i)(2) (Supp. V 1981) (*repealed* 1982), which provides: "Within 10 days of receipt of the Secretary's notice under paragraph (1)(B), the prime sponsor may request a hearing, * * *." The Tribe, however, did not file a request for a hearing until July 28, 1983— approximately three years after the 10–day period had lapsed.

In response to the Tribe's request for a hearing, the Department filed a motion to dismiss on the basis that the Tribe's re-

---

1. CETA has been replaced by the Job Training Partnership Act. 29 U.S.C. §§ 1501–1781 (1982). Pending cases continue to be adjudicated under CETA. 29 U.S.C. § 1591(e) (1982).

quest was untimely. The Tribe countered by submitting an affidavit from the Tribe's attorney disclosing that the Tribe did not initially ask for a hearing due to its inexperience in CETA matters. The affidavit added that the attorney had begun negotiations with the Department on November 25, 1980, and had continued such negotiations until July 28, 1983. Nevertheless, the ALJ granted the motion to dismiss, stating:

> For approximately four months after the issuance of each final determination, Complainant, by its admissions, indicates that it did not engage in dialogue or negotiations with the Department and that it failed to file requests for hearings. Such a course of action does not justify a waiver of the above-cited ten day filing requirement. Even if Complainant commenced negotiations promptly upon receipt of the final determinations, such circumstances likewise would not warrant a waiver of the filing requirement. Entering into negotiations in no way precludes a Complainant from exercising its right to request a hearing.
>
> While I acknowledge that the submissions filed by Complainant indicate that it did at some point enter into and carry on a dialogue with the Department, I nonetheless find that Complainant's late filing of its request for hearing in both matters is unjustifiable. As such, Complainant's Motion for Stays of Execution on the collection of the debts in each case is not appropriate for consideration.

*Department of Labor v. Santee Sioux Tribe of Nebraska,* Nos. 83–CTA–282 and 286, slip op. at 2 (July 19, 1984). We must now determine whether the Secretary's decision was proper.

## DISCUSSION

The Department concedes that the 10-day time deadline is not jurisdictional and can be excused in exceptional circumstances, but contends that the ALJ did not abuse

his discretion in finding a lack of exceptional circumstances in this case. *See Illinois Migrant Council, Inc. v. Department of Labor,* 773 F.2d 180, 182–83 (7th Cir.1985) (CETA grantee's challenge to method of repaying disallowance held untimely where appeal filed three years after final determination, even though grantee and Department had entered into negotiations regarding method of repaying disallowance shortly after the final determination had been issued). The facts of this case clearly support the Department's contention. The Tribe had been given a 30–day period to contest the Department's initial determination and had been informed of the 10–day deadline to contest the final determination, yet filed its request for a hearing almost three years late. The negotiations with the Department did not preclude the Tribe from filing a request for a hearing and regardless, the negotiations did not commence until well after the 10–day deadline had lapsed.[2] We therefore find no abuse of discretion in dismissing the Tribe's request for a hearing as untimely, and accordingly affirm the Secretary's decision.

---

2. We note that the affidavit attached to the Tribe's response to the motion to dismiss stated that negotiations with the Department began on November 25, 1980. A letter in the exhibits attached to the affidavit, however, indicates that such negotiations may have actually begun on September 8, 1980. Regardless, the dismissal was appropriate as the negotiations began well after the 10–day deadline had expired.